# United States Court of Appeals for the Fifth Circuit

————————

No. 25-60616
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2026

Lyle W. Cayce
Clerk

GILBERT AYUK AGBOR,

*Petitioner*,

*versus*

TODD WALLACE BLANCHE, *Acting U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A221 348 276

————————————————————

Before BARKSDALE, OLDHAM, and DOUGLAS, *Circuit Judges*.

PER CURIAM:*

Gilbert Ayuk Agbor, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' (BIA) upholding the Immigration Judge's (IJ) denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT). He departed Cameroon in 2007 and lived in South Africa for 17 years.

————————————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-60616

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). For Agbor's asylum claim on persecution grounds, we "review the entirety of the [BIA]'s conclusions—both the underlying factual findings and the application of the [law] to those findings—for substantial evidence". *Urias-Orellana v. Bondi*, 146 S.Ct. 845, 851 (2026). Regarding his eligibility for withholding of removal and relief under CAT, the BIA's factual findings are reviewed for substantial evidence; its legal conclusions *de novo*. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under both standards of review, our court will not disturb the BIA's decision unless the evidence "*compel*[*s*]" a contrary conclusion. *Urias-Orellana*, 146 S.Ct. at 851 (citation omitted) (emphasis added); *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018).

Agbor first challenges the denial of withholding of removal, asserting the BIA erred in concluding that the Government rebutted the presumption of a well-founded fear of future persecution. *See Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (requiring "clear probability of persecution upon return" to home country (citation omitted)). He fails to show "the evidence is *so compelling* that no reasonable fact finder could fail to find [him] eligible for withholding". *Id.* at 139 (emphasis added); *see Ramchandani v. Gonzales*, 434 F.3d 337, 339 n.1 (5th Cir. 2005) (acknowledging court "may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the [BIA] at the time of the challenged ruling"). To the extent he avers internal relocation is unreasonable, his contention is not properly before this court. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Next, Agbor asserts the BIA erred in affirming the IJ's ruling that the Circumvention of Lawful Pathways (CLP) rule barred him from asylum eligibility. His contention is unexhausted, however: he failed to raise it at the IJ or BIA; and the Government asserts exhaustion. *See Carreon v. Garland*, 71 F.4th 247, 257 (5th Cir. 2023).

Agbor also challenges the IJ's concluding he was ineligible for asylum on the merits. Although the CLP rule had been vacated at the time of the BIA's decision, *See E. Bay Sanctuary Covenant v. Trump*, 134 F.4th 545, 547–48 (9th Cir. 2025), Agbor does not assert the BIA erred in relying on it or that the BIA should have analyzed his claim on the merits. Accordingly, he forfeits any such contentions. *See Lopez-Perez v. Garland*, 35 F.4th 953, 957 n.1 (5th Cir. 2022). In any event, he cannot show the BIA would have concluded he was eligible for asylum absent the alleged error. *See Luna-Garcia v. Barr*, 932 F.3d 285, 291 (5th Cir. 2019).

Finally, Agbor maintains the IJ erred in concluding he was ineligible for CAT relief. He fails to show the evidence *compels* a contrary conclusion. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019); *Revencu*, 895 F.3d at 401.

DENIED.